```
 1  ERIC D. HOUSER (SBN 130079)
    GABRIEL OZEL (SBN 269098)
 2  HOUSER & ALLISON, APC
    Carlsbad Pacific Center 1
 3  701 Palomar Airport Road, Suite 200
    Carlsbad, California 92011
 4  Telephone:    (760) 603-9664
 5  Facsimile:    (760) 603-9668
    E-Mail: gozel@houser-law.com
 6
 7  Attorneys for Defendant, Ocwen Loan Servicing, LLC
```

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVID KIRSTEN, | ) Case No. _____ |
| --- | --- |
| Plaintiff, | ) [Removal from Superior Court of California, County of San Joaquin, Case No. 39-2013-00296753-CU-DF-STK] |
| vs. | |
| OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, and DOES 1 through 20, Inclusive, | ) **NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION** |
| Defendants. | |

**TO THE CLERK OF THE ABOVE COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), hereby removes this action from the Superior Court of California, County of San Joaquin, to the United States District Court for the Eastern District of California, as further described below:

### I.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1.   The Complaint was filed in the Superior Court of California, County of San Joaquin, on or about May 6, 2013, entitled <u>Kirsten v. Ocwen Loan Servicing, LLC, et al</u>, Case No. 39-2013-00296753-CU-DF-STK ("State Court Action"). A true and correct copy of the

NOTICE OF REMOVAL

Complaint and available documents of the court file are attached hereto as **Exhibit "A"**.

2.  Ocwen was served with the Summons and Complaint on May 16, 2013. Ocwen removes this case within 30 days of service, and within one year from the filing of this Complaint. This removal is timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

3.  This Notice of Removal is brought on behalf of Ocwen. Ocwen is the only named defendant in this case. Accordingly, this removal is submitted without joinder by any other defendant.

4.  No previous request has been made for removal.

5.  The United States District Court for the Eastern District of California is the proper venue for the removal. The Superior Court of California for the County of San Joaquin is located within the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 82(b). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.  This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441. The Complaint presents federal question as conferred by 28 U.S.C. § 1331. Supplemental jurisdiction exists with respect to other claims not subject to removal pursuant to 28 U.S.C. §§ 1367 and 1441(c).

## II.   FEDERAL COURT SUBJECT MATTER JURISDICTION IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

7.  This is a case is primarily based upon questions of Federal law pertaining to a purported unfair credit report to credit reporting agencies. For instance, the Complaint alleges that "Ocwen reported to the credit reporting agencies, including but not limited to Equifax, Trans Union, Experian and Innovis, negative credit information about plaintiff." (Complaint, ¶¶ 28, 46-50.) In essence, the Complaint is primarily a claim under the Fair Credit Reporting Act ("FCRA"). Among other things, Plaintiff alleges that Ocwen did not accurately report Plaintiff's credit information to the credit reporting agencies. (Complaint, ¶ 48.) These federal statutes asserted by Plaintiff permeate the entire Complaint and are primarily the basis for any

relief Plaintiff seeks under the Complaint.

### III. THE FEDERAL DISTRICT COURT ALSO HAS SUPPLEMENTAL JURIDICTION OVER PLAINTIFF'S NON-FEDERAL CLAIMS

8. In the event that this Court invokes its federal question jurisdiction, this Court also has supplemental jurisdiction over plaintiff's state law claims. Supplemental jurisdiction is proper where the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution." 28 USC § 1367(a). Plaintiff's state and federal claims are part of the same case or controversy because all claims "arise from a common nucleus of operative facts" such that "considerations of judicial economy, convenience and fairness to litigants" support a single adjudication. *United Mine Workers of America v. Gibbs* 383 US 715, 726 (1966). All of the claims alleged in Plaintiff's Complaint relate to the purported false reporting of Plaintiff's credit information. Therefore, all of the allegations in the Complaint relate to the same case or controversy because they arise from a common nucleus of operative facts.

9. Although Plaintiff intentionally avoided pleading the FCRA in the Complaint, Plaintiff may not avoid removal by omitting to plead necessary federal questions in his Complaint. *Franchise Tax. Bd. Of State of Cal. V. Construction Laborers Vaction Trust for Southern Cal.*, (1983) 463 U.S. 1, 22. The "artful pleading doctrine" permits Courts, in some circumstances, to re-characterize a plaintiff's state court claim as a federal claim. *Hunter v. United Van Lines*, (9th Cir. 1984) 746 F.2d 635, 643. In this case, Plaintiff's Complaint is entirely based upon the FRCA; however, Plaintiff intentionally avoided pleading the FCRA to avoid removal.

10. Federal question jurisdiction exists because Plaintiff's claims depend on the determination of Plaintiff's rights and Ocwen's duties, if any, under federal law.

///

///

///

## IV. NOTICE

11. Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Superior Court of California, County of San Joaquin.

## V. CONCLUSION

12. In light of the foregoing, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

13. By this notice of removal, Ocwen does not waive any objections it may have as to service, jurisdiction, venue, or any other defenses or objections it may have to this action. Ocwen intends to convey no admission of the Complaint, law, or liability by virtue of this notice, and it expressly reserves all defenses, motions and/or pleas.

14. Ocwen requests that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Ocwen receives all additional relief to which it is entitled.

DATED: June 17, 2013

HOUSER & ALLISON
A Professional Corporation

_____
Gabriel Ozel
Attorneys for Defendant,
Ocwen Loan Servicing, LLC

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA   )
                     ) SS
COUNTY OF SAN DIEGO   )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 701 Palomar Airport Drive, Suite 200, Carlsbad, California 92011

On June 17, 2013, I served the following document(s) described as follows:

**NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

On the following interested parties in this action:

MICAHEL A. FLUETSCH

KIRSTINA L. FLUETSCH

115 W. Walnut St. Suite 3

Lodi, CA 95240

*Attorney for Plaintiff*

[X]   VIA FIRST CLASS MAIL—CCP §§ 1013(a); 2015.5 and/or FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Carlsbad, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on June 17, 2013, at Carlsbad, California.

*/s/ Gabriel Ozel*
Gabriel Ozel

1