1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10  DAVID KIRSTEN,                    No.  2:13-cv-01215 JAM-KJN

11            Plaintiff,

12       v.                          **ORDER GRANTING DEFENDANT'S**
                                     **MOTION TO DISMISS**
13  OCWEN LOAN SERVICING, LLC, a
    Delaware limited liability
14  company, and DOES 1 through
    20, Inclusive,
15
16            Defendants.

17       This matter is before the Court on Defendant Ocwen Loan

18  Servicing, LLC's ("Defendant") Motion to Dismiss Plaintiff's

19  complaint (Doc. #5).  Plaintiff David Kirsten ("Plaintiff")

20  opposes the motion (Doc. #7) and Defendant replied (Doc. #10).[1]

21  For the reasons set forth below, Defendant's motion is GRANTED.

22

23       I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

24       Plaintiff originally filed this action on May 6, 2013, in

25  San Joaquin County Superior Court against Defendant (Doc. #1).

26

27  _____
    [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28  for August 21, 2013.

                                  1

1   Defendant removed this action to this Court on June 17, 2013 and

2   filed its motion to dismiss on July 1, 2013 (Doc. #5).  In the

3   complaint, Plaintiff alleges three causes of action against

4   Defendant: (1) slander of title;

5   (2) defamation; and (3) unfair credit reporting.  Id. ¶¶ 36-51.

6        In or about December 2007, Plaintiff obtained a mortgage

7   loan from Taylor, Bean & Whitaker Mortgage Corp. ("TBW") to

8   purchase a property in Lodi, California ("Property").  Id. ¶ 5.

9   Plaintiff alleges that he timely made all payments on his loan.

10  Id. ¶ 6.  In 2009, Plaintiff alleges that TBW filed for

11  bankruptcy, which disrupted TBW's processing of customer's loan

12  payments.  Id. ¶ 7.  Even though Plaintiff allegedly made all

13  his payments, TBW failed to timely receive and post his payments

14  for August 2009 and September 2009.  Id.

15       In 2009, Cenlar Agency, Inc. ("Cenlar") allegedly began

16  servicing Plaintiff's loan.  Id. ¶ 8.  On or about December 8,

17  2009, Cenlar allegedly sent a Notice of Default to Plaintiff and

18  his tenant at the Property.  Id. ¶ 9.  Plaintiff responded to

19  Cenlar and provided documentation to show that the payments were

20  made.  Id. ¶ 10.  Cenlar allegedly acknowledged in a letter that

21  Plaintiff made the payments.  Id.  Cenlar allegedly sent another

22  Notice of Default on or about July 6, 2010, which Plaintiff

23  disputed and Cenlar again acknowledged that Plaintiff made the

24  payments.  Id. ¶¶ 11-12.

25       In or about 2010, Defendant allegedly became the loan

26  servicer.  Id. ¶ 13.  Defendant allegedly asserted that

27  Plaintiff was in default on the loan because it did not have a

28  record of his August and September 2009 payments.  Id. ¶ 15.

1  Plaintiff allegedly responded and provided documentation again.

2  *Id.*  On February 23, 2011, Defendant allegedly sent Plaintiff a

3  letter acknowledging the payments.  *Id.* ¶ 19.

4     One month later, Defendant allegedly reported the loan

5  "past due" because it did not have record of the August and

6  September 2009 payments.  *Id.* ¶¶ 20-21.  As a result, Defendant

7  declared Plaintiff delinquent on the loan, improperly assessed

8  late fees and other charges, recorded one or more Notice of

9  Default, and falsely reported negative information about him to

10  credit reporting agencies.  *Id.* ¶ 23.  Plaintiff attempted to

11  resolve this problem but Defendant allegedly did not cooperate.

12  *Id.* ¶¶ 25-26.

13     Plaintiff allegedly paid the delinquent amount.  *Id.* ¶ 26.

14  On or about April 16, 2012, Defendant recorded a "Rescission of

15  Notice of Default and Election to Sell under Deed of Trust,"

16  which stopped the foreclosure.  *Id.*

17

18                    II.   OPINION

19     A.   Legal Standard

20     A party may move to dismiss an action for failure to state a

21  claim upon which relief can be granted pursuant to Federal Rule

22  of Civil Procedure 12(b)(6).  To survive a motion to dismiss a

23  plaintiff must plead "enough facts to state a claim to relief

24  that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,*

25  556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a

26  district court must accept all the allegations in the complaint

27  as true and draw all reasonable inferences in favor of the

28  plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974),

1  overruled on other grounds by Davis v. Scherer, 468 U.S. 183

2  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be

3  entitled to the presumption of truth, allegations in a complaint

4  or counterclaim may not simply recite the elements of a cause of

5  action, but must sufficiently allege underlying facts to give

6  fair notice and enable the opposing party to defend itself

7  effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

8  2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.

9  2012).  "Second, the factual allegations that are taken as true

10  must plausibly suggest an entitlement to relief, such that it is

11  not unfair to require the opposing party to be subjected to the

12  expense of discovery and continued litigation."  Id.  Assertions

13  that are mere "legal conclusions" are therefore not entitled to

14  the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678

15  (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is

16  appropriate when a plaintiff fails to state a claim supportable

17  by a cognizable legal theory.  Balistreri v. Pacifica Police

18  Department, 901 F.2d 696, 699 (9th Cir. 1990).

19      Upon granting a motion to dismiss for failure to state a

20  claim, a court has discretion to allow leave to amend the

21  complaint pursuant to Federal Rule of Civil Procedure 15(a).

22  "Dismissal with prejudice and without leave to amend is not

23  appropriate unless it is clear . . . that the complaint could not

24  be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

25  Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

26      B.    Judicial Notice

27      Defendant requests judicial notice of the deed of trust,

28  notice of default, assignment of the deed of trust, substitution

4

1   of trustee, and rescission of notice of default.   Request for

2   Judicial Notice ("RJN"), Doc. #6, at 2.   These documents are

3   appropriate for judicial notice because they are public records

4   and are "not subject to reasonable dispute."   Fed. R. Evid.

5   201(b).

6       C.   <u>Discussion</u>

7           1.   <u>Unfair Credit Reporting Claim</u>

8       Defendant argues that Plaintiff's unfair credit reporting

9   claim is in essence a claim under the Fair Credit Reporting Act

10  ("FCRA") and moves to dismiss Plaintiff's claim because he

11  failed to adequately allege the claim, there is no private cause

12  of action, and the claim is time barred.   Plaintiff argues that

13  his claim for unfair reporting arises under the FCRA and

14  California Civil Code Section 1785.25(a) ("Section 1785.25(a)").

15  Plaintiff also argues that both claims are adequately alleged

16  and not time barred.

17           a.   <u>Failure to State a Claim under the FCRA</u>

18      Defendant argues that the FCRA claim fails because

19  Plaintiff failed to allege that he first gave written notice of

20  a dispute to the credit reporting agencies ("CRAs") and that he

21  failed to allege that Defendant knew or should have known that

22  the information was false.   Plaintiff argues that the degree

23  with which a plaintiff must plead notification to state a claim

24  under FRCA varies and he requests the Court to either leave this

25  issue to be determined by discovery or allow him leave to amend.

26      Title 15 U.S.C. § 1681s–2(b) outlines the duties of a

27  furnisher of information after receiving notice of a dispute.

28  While a private right of action is permitted for a violation of

1    the § 1681s-2(b) duties, those duties "arise only after the

2    furnisher receives notice of dispute from a CRA; notice of a

3    dispute received directly from the consumer does not trigger

4    furnishers' duties under subsection (b)." <u>Gorman v. Wolpoff &</u>

5    <u>Abramson, LLP</u>, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing <u>Nelson</u>

6    <u>v. Chase Manhattan Mortgage Corp.</u>, 282 F.3d 1057, 1059 (9th Cir.

7    2002)).

8         Here, Plaintiff has alleged that he, "through his attorney,

9    demanded that [Defendant] notify each of the credit reporting

10   agencies . . . that the negative information . . . is false and

11   request that they withdraw such information from his credit

12   report."  Compl. ¶ 28.  He also alleges that he repeatedly

13   informed Defendant that the information was false and demanded

14   Defendant retract the information.  <u>Id.</u> ¶ 49.  Based on these

15   allegations, Plaintiff alleges that he notified Defendant, the

16   furnisher of the credit information, of his dispute directly, but

17   does not allege that he reported his dispute to a CRA.

18   Therefore, Plaintiff has failed to allege the requisite

19   notification to state a claim under the FCRA.

20        Accordingly, the Court dismisses Plaintiff's FCRA claim.

21   The Court addresses Defendant's other two arguments to determine

22   whether leave to amend should be granted.

23             b.   <u>Private Right of Action</u>

24        Defendant contends that Plaintiff's FCRA claims must be

25   dismissed without leave to amend because there is no private

26   right of action under 15 U.S.C. § 1682s-2(a).  Section 1681s-2(a)

27   sets forth the duty for furnishers of information to provide

28   accurate information to a CRA.  15 U.S.C. § 1681s-2(a).  In his

1   complaint, Plaintiff does not specify which provision of the FCRA

2   governs his allegations, but clarifies in his opposition that his

3   claims are limited to § 1681s-2(b).  Opp. at 14.  As mentioned

4   above, a private right action exists under § 1681s-2(b).

5   Therefore, because Plaintiff's claim is under § 1681s-2(b) and

6   not § 1681s-2(a), the Court finds that Plaintiff may bring his

7   FCRA claim.

8               c.   Statute of Limitations FCRA

9       Defendant also argues that Plaintiff's FCRA claim must be

10  dismissed without leave to amend because Plaintiff discovered the

11  purported violation in or about 2010 and filed this action in

12  2013 more than 3 years after the discovery of the purported

13  violation.  Plaintiff argues that the claim should not be

14  dismissed because dismissal can be granted "only if the assertion

15  of the complaint, read with the required liberality, would not

16  permit the plaintiff to prove the statute had been tolled."  Opp.

17  at 14 (citing Cervantes v. City of San Diego, 5 F.3d 1273, 1275

18  (9th Cir. 1993)).

19      A claim under FCRA may be brought "no[] later than the

20  earlier of (1) 2 years after the date of discovery by the

21  plaintiff of the violation that is the basis for such liability;

22  or (2) 5 years after the date on which the violation that is the

23  basis for such liability occurs."  15 U.S.C. § 1681p.  "The date

24  on which liability arises depends on which provision was

25  allegedly violated."  Forester v. Pennsylvania Higher Educ.

26  Assistance Agency, SACV 09-0930DOCRNBX, 2009 WL 3710517, at *3

27  (C.D. Cal. Oct. 30, 2009) (quoting Acton v. Bank One Corp., 293

28  F. Supp. 2d 1092, 1097 (D. Ariz. 2003)).  A § 1681s-2(b)

7

1  violation "is triggered only after the consumer notifies the CRA,

2  and the CRA then notifies the furnisher of credit." Id. (citing

3  Nelson v. Equifax Information Services, LLC, 522 F. Supp. 2d

4  1222, 1231 (C.D. Cal. 2007)).  Because Plaintiff has not alleged

5  that he notified a CRA or when the notification occurred, the

6  Court cannot determine at this time whether the claim is time

7  barred.

8         Accordingly, for the reasons mentioned above, the Court

9  grants Defendant's motion to dismiss Plaintiff's FCRA claim.

10 However, because Plaintiff may be able to allege that he notified

11 a CRA pursuant to § 1681s-2(b) within the statute of limitations,

12 the Court grants Plaintiff leave to amend.

13                d.   California Civil Code § 1785.25(a)

14        Plaintiff argues that his unfair credit reporting claim is

15 also under the California Consumer Credit Reporting Act ("CCRA"),

16 specifically Section 1785.25(a).  Plaintiff does not specify in

17 the complaint that his claim is under the CCRA.  Nevertheless,

18 Defendant argues that this claim is untimely.

19        Section 1785.25(a) provides that "[a] person shall not

20 furnish information on a specific transaction or experience to

21 any consumer credit reporting agency if the person knows or

22 should know the information is incomplete or inaccurate."  Cal.

23 Civ. Code § 1785.25(a).  Plaintiff states that the statute of

24 limitations for claims under Section 1785.25(a) is three years

25 pursuant to California Civil Procedure Code Section 338(a).  Opp.

26 at 13.  However, claims under the CCRA are governed by California

27 Civil Code Section 1785, which provides that a claim brought

28 under the CCRA must be filed within two years after a plaintiff

knows or should have known of the violation but no more than
seven years after the earliest violation.  Cal. Civ. Code
§ 1785.33.  In addition, when "a defendant has materially and
willfully misrepresented any information required under this
chapter to be disclosed to a consumer, . . . the action may be
brought at any time within two years after the discovery by the
consumer of the misrepresentation."  Id.

     Plaintiff alleges that at "various times in 2010, 2011,
2012, and 2013, [Defendant] reported to the credit reporting
agencies . . . negative credit information about plaintiff."
Compl. ¶ 47.  Defendant argues that Plaintiff should have filed
this claim in 2012, or at the latest February 23, 2013, two years
after the latest letter Plaintiff purportedly received from
Defendant acknowledging that Plaintiff made all of his payments,
but Plaintiff filed passed the statute of limitations.  Reply at
9.  However, according to the allegations, Defendant furnished
information to CRAs several times with the earliest alleged
violation being in 2010 and the latest in 2013.  Because
Plaintiff filed his claim on May 6, 2013, only transmissions of
information before May 6, 2011, are time barred.

     Therefore, the Court finds that the alleged violations that
occurred in 2010 are time barred, but the alleged violations in
2012 and 2013 are not.  Because it is unclear when the alleged
violations occurred in 2011, the Court cannot determine whether
they are time barred at this time.  Therefore, the Court grants
Defendant's motion to dismiss Plaintiff's Section 1785.25(a).
The Court grants Plaintiff leave to amend to clarify his Section
1785.25(a) claim and to specify when in 2011 Defendant furnished

1  the information to CRAs.

2       2.    Slander of Title

3       Defendant argues that Plaintiff's claim for slander of title

4  fails because the recorded documents are privileged publications,

5  and because Plaintiff has failed to alleged facts that he

6  suffered pecuniary damages.

7       For a slander of title claim, Plaintiff must allege the

8  following four elements: (1) a publication, (2) which is without

9  privilege or justification, (3) which is false, and (4) which

10  causes direct and immediate pecuniary loss.  Manhattan Loft, LLC

11  v. Mercury Liquors, Inc., 173 Cal.App.4th 1040, 1051 (2009)

12  (citing Howard v. Schaniel, 113 Cal.App.3d 256, 263-264 (1980)).

13       a.    Privilege

14       Defendant argues that Plaintiff has not sufficiently pled

15  the second element, that is, that the publication was done

16  "without privilege or justification."  Under California Civil

17  Code Section 2924(d), privilege extends to the "mailing,

18  publication, and delivery of notices as required by this section"

19  and to the "[p]erformance of the procedures set forth in this

20  article." Cal. Civ. Code § 2924(d).  Thus, the filing of a notice

21  of default in a nonjudicial foreclosure is privileged, except

22  when published with malice.  Barrionuevo v. Chase Bank, N.A.,

23  C-12-0572 EMC, 2013 WL 4103606, at *5 (N.D. Cal. Aug. 12, 2013).

24  Malice requires "that the publication was motivated by hatred or

25  ill will towards the plaintiff or by a showing that the defendant

26  lacked reasonable grounds for belief in the truth of the

27  publication and therefore acted in reckless disregard of the

28  plaintiff's rights."  Kachlon v. Markowitz, 168 Cal.App.4th 316,

1   336 (2008) (citations and internal quotations omitted).

2       Because Plaintiff premises his claim on the recording of the

3   notice of default (Compl. ¶ 31), which is a privileged

4   publication under Section 2924, Plaintiff must allege that the

5   recording was made with malice. In his opposition, Plaintiff

6   relies on two cases: Sumner Hill Homeowners' Assn., Inc. v. Rio

7   Mesa Holdings, LLC, 205 Cal.App.4th 999, 1030 (2012), review

8   denied (July 18, 2012), as modified on denial of reh'g (May 30,

9   2012), and Gudger v. Manton, 21 Cal. 2d at 545 (1943). In Sumner

10  Hill, the Court noted that "slander or disparagement of title

11  occurs when a person, without a privilege to do so, publishes a

12  false statement that disparages title to property and causes the

13  owner thereof some special pecuniary loss or damage." 205

14  Cal.App.4th 999, 1030 (citation and internal quotation marks

15  omitted). Plaintiff also relies on Gudger, for the proposition

16  that an "express finding of lack of good faith, or of actual

17  malice. . . would destroy the privilege or justification here

18  discussed." Gudger, 21 Cal. 2d at 546. Based on Sumner Hill and

19  Gudger, Plaintiff argues that he can overcome the privilege by

20  alleging lack of good faith or actual malice.

21      Plaintiff alleges that Defendant's conduct "was intentional,

22  wrongful, malicious and despicable and carried out with a willful

23  and conscious disregard for plaintiff's rights." Compl. ¶ 35.

24  In addition, throughout the complaint, Plaintiff alleges that

25  Defendant failed to investigate or view the file and documents

26  relating to Plaintiff's loan from the previous servicers prior to

27  recording the notice of default and that Defendant knew Plaintiff

28  was not in default because Plaintiff received a letter

1    acknowledging that Plaintiff's payments were received and applied
2    to his loan.  <u>See</u> Compl. ¶¶ 17, 19.

3         Defendant argues that Plaintiff failed to provide the
4    correspondence as evidence and even if these allegations are
5    true, it shows mere negligence and it is insufficient to
6    establish the malice requirement.  Reply at 4.  Although
7    Plaintiff did not provide copies of the correspondence, he is not
8    required to provide evidence to oppose a motion to dismiss
9    because generally, the Court may not consider any material beyond
10   the pleadings in ruling on a motion to dismiss under Federal
11   Rules of Civil Procedure without converting it to a motion for
12   summary judgment.  <u>See</u> Fed. R. Civ. P. 12(d) ("If, on a motion
13   under Rule 12(b)(6) or 12(c), matters outside the pleadings are
14   presented to and not excluded by the court, the motion must be
15   treated as one for summary judgment under Rule 56.")

16        Therefore, accepting Plaintiff's allegations as true for the
17   purposes of this motion, Plaintiff has alleged that Defendant
18   filed a notice of default even though it knew Plaintiff was not
19   in default.  These allegations are sufficient to establish
20   malice.  <u>See</u> <u>e.g.</u>, <u>Cerezo v. Wells Fargo Bank, N.A.</u>, 13-1540 PSG,
21   2013 WL 4029274, at *6 (N.D. Cal. Aug. 6, 2013)(holding that the
22   plaintiff's allegation that defendant knew that it did not have
23   the requisite interest to initiate foreclosure amounted to
24   reckless disregard of the truth); <u>Albano v. Cal-W. Reconveyance</u>
25   <u>Corp.</u>, 4:12-CV-4018 KAW, 2012 WL 5389922, at *9 (N.D. Cal. Nov.
26   5, 2012) (holding that plaintiff's allegation that defendant knew
27   that a third party was not the beneficiary for the deed trust was
28   sufficient to defeat a motion to dismiss).

1

2                      b.    <u>Damages</u>

3          Defendant argues that Plaintiff has also failed to allege

4    that he suffered pecuniary damages as a result of the publication

5    of these documents—the fourth element of a slander of title

6    claim.  Plaintiff argues that the false publication caused him

7    damages.

8          "'Pecuniary loss' is an essential element of a slander of

9    title cause of action."  <u>Manhattan Loft, LLC v. Mercury Liquors,</u>

10   <u>Inc.</u>, 173 Cal.App.4th 1040, 1057 (2009).  Pecuniary loss is

11   restricted to "(a) the pecuniary loss that results directly and

12   immediately from the effect of the conduct of third persons,

13   including impairment of vendibility or value caused by

14   disparagement, and (b) the expense of measures reasonably

15   necessary to counteract the publication, including litigation to

16   remove the doubt cast upon vendibility or value by

17   disparagement."  <u>Ghuman v. Wells Fargo Bank, N.A.</u>, 1:12-CV-00902-

18   AWI, 2013 WL 552097, at *4 (E.D. Cal. Feb. 13, 2013) (emphasis

19   omitted)(quoting Restatement (Second) of Torts § 633 (1977)).

20         Here, Plaintiff has alleged that "all of this had a

21   significant adverse [effect] on Mr. Kirsten's credit and caused

22   him substantial damage."  Compl. ¶ 23.  However, this allegation

23   is conclusory.  Plaintiff has failed to allege sufficient facts

24   to show he suffered a monetary loss because of the publication of

25   the notice of default, such as a reduction of the value of the

26   property.

27         Accordingly, the Court dismisses Plaintiff's slander of

28   title cause of action.  The Court grants Plaintiff leave to amend

1    because Plaintiff may be able to allege a pecuniary loss.

2               3.    Defamation

3        Defendant moves to dismiss Plaintiff's defamation claim

4    because federal law preempts this claim and because it is time

5    barred.  Plaintiff disagrees, arguing that his defamation claim

6    is not preempted or time barred because the claim is brought

7    under California Civil Code Section 1785.25(a).  Opp. at 12-13.

8        In the complaint, Plaintiff does not specify that he brings

9    his defamation claim under Section 1785.25(a).  However, in his

10   opposition, Plaintiff requests leave to amend to refer to the

11   statute to avoid preemption of this claim.  Opp. at 12.  If

12   Plaintiff's claim is a Section 1785.25(a) claim, then it is

13   duplicative of Plaintiff's unfair credit reporting claim

14   discussed above and would be unnecessary.  Accordingly, the Court

15   grants Defendant's motion to dismiss Plaintiff's defamation

16   claim. The Court will, however grant Plaintiff leave to amend in

17   order to try to properly plead this cause of action.  The Court

18   need not address Defendant's arguments that Plaintiff's

19   defamation claim is time barred and preempted at this time.

20                        III. ORDER

21       For the reasons set forth above, Defendant's Motion to

22   Dismiss is GRANTED WITH LEAVE TO AMEND.  Plaintiff must file his

23   Amended Complaint or notice of dismissal within twenty (20) days

24   from the date of this Order.  Defendant shall file its

25   responsive pleading within twenty (20) days thereafter.

26       IT IS SO ORDERED.

27   Dated: September 20, 2013

28                                  _____
                                    JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE
                                          14